UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LARRY MONDRELL GIBBS,<br><br>Defendant. | Case No. 2:13-cr-00405-KJD-GWF<br><br>ORDER |

Presently before the Court is Defendant's Motion re: Delayed Implementation of the First Step Act Good Time Credit Fix (#96). Though the time for doing so has passed, no response in opposition has been filed.

Defendant was adjudicated guilty of one count of an indictment alleging felon in possession of a firearm and sentenced on April 1, 2015 to eighty-four (84) months of custody. On February 25, 2019, Defendant filed the present motion asserting that his rights were being violated because though the First Step Act of 2018 ("First Step Act") allowed an increase in good time credits to be retroactively applied to his sentence, its delayed implementation was resulting in him being detained longer than necessary.

However, the First Step Act does not yet authorize the relief that Defendant seeks. The good-time provisions of the First Step Act did not become effective when the Act took effect on December 21, 2018. The Act amended 18 U.S.C. § 3624(b) to allow a prisoner to earn a maximum of 54 days for each year of the sentence imposed. See Public Law 115-391, 132 Stat. 5194, § 102. However, the change will not take effect until the Attorney General completes the "risk and needs assessment system" required to be completed by 210 days after the First Step Act's enactment. Id. at §§ 101, 102. Therefore, the change in calculation of good-time credit will

not take effect until approximately July 2019. See id.

Federal courts are limited under Article III of the United States Constitution to deciding "cases" and "controversies." To ensure that a district court adheres to this requirement, a claim must be "ripe," meaning that an administrative decision must be formalized and its effects must be felt in a concrete way by the challenging party. Abbott Laboratories v. Gardner, 387 U.S. 136, 148–49 (1967), *overruled on other grounds by* Califano v. Sanders, 430 U.S. 99, 105 (1977). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 423 U.S. 296, 300 (1998) (internal citations omitted).

Because the BOP has no authority to recalculate Defendants good-time credit according to the First Step Act until the relevant provisions take effect in approximately July 2019, the question of whether the BOP erred in administering Defendant's sentence is premature. Accord Roy v. United States Bureau of Prisons, 2019 WL 1441622, at *1-2, (E.D. Wash. April 1, 2019); Nichols v. Burch, 2019 U.S. Dist. LEXIS 41595, at *4 (D. Ariz. Mar. 12, 2019) (dismissing section 2241 petition for recalculation of good-time credit as premature because BOP cannot apply good-time calculations of the First Step Act until approximately July 2019); Shorter v. Dobbs, 2019 U.S. Dist. LEXIS 13235 at *4 (S.D. Fla. Jan. 25, 2019) (finding premature a prisoner's claim of deprivation of good-time credits under the First Step Act).

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion re: Delayed Implementation of the First Step Act Good Time Credit Fix (#96) is **DENIED as premature**. Dated this 23rd day of May, 2019.

Kent J. Dawson
United States District Judge